DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Morris Roth appeals a grant of summary judgment on his intentional tort claim in favor of defendant-appellee Central Farm Supply, Inc. ("Central Farm"). We affirm.
 I.
In August 1994, Roth was hired by Central Farm to clean and organize its Regal warehouse so that it could be used for Central Farm's new lawn and garden supply business. Roth was interviewed and hired by William Jones. Jones was the sales manager and the general manager of Central Farm. Jones told Roth to report directly to Jones.
As part of his job, Roth was occasionally required to use a lift truck (also commonly referred to as a "tow motor" or "forklift") to move heavy items. Roth was also required to prepare and shrink-wrap pallets of lawn and garden supplies in accordance with orders sent over from the main warehouse where Central Farm conducted its shipping. On at least one occasion prior to Roth's accident, Roth was also asked by someone at the main warehouse to use the lift truck to bring a pallet of supplies to the main warehouse.
On August 22, 1994, Roth received an order from the main warehouse requesting that he bring over a pallet of supplies. Roth prepared the pallet and used the lift truck to bring it to the main warehouse. As Roth was about to leave the pallet outside the main warehouse, Roth claims that the warehouse foreman, Cecil Martin, asked Roth to bring the pallet up a ramp and into the warehouse. Roth did so. As Roth backed the lift truck down the ramp, he noticed that the left rear tire was getting too close to the edge of the ramp. Roth attempted to drive back up the ramp to re-align the lift truck, however, the lift truck did not respond and continued to roll backwards. The left rear tire of the lift truck rolled over the curb at the edge of the ramp and dropped over the side of the ramp, causing the lift truck to tip over. As the lift truck began to tip over, Roth jumped from the driver's seat, but was caught beneath the lift truck's roll cage.
On July 5, 1996, Roth filed a complaint against Central Farm alleging an intentional tort. Roth claimed that the lift truck that was provided to him was not properly maintained and that he was not properly trained to use it. On April 30, 1997, the trial court granted Central Farm's motion for summary judgment. Roth appeals that order.
 II.
Summary judgment is appropriate when:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See also Civ.R. 56(C).
Roth has alleged that Central Farm committed an intentional tort.
 [I]n order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, paragraph one of the syllabus. Fyffe differentiated knowledge from mere negligence or recklessness:
 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent.
Id. at paragraph two of the syllabus.
In this case, Roth offered evidence to show that the lift truck in question had faulty brakes, among other problems, and that Central Farm had declined to repair the brakes, opting instead, upon the advice of a mechanic, to restrict the lift truck to flat surfaces. Roth claims that Martin knew about the brake problems and knew that the lift truck was not to be used on the ramps at the main warehouse. Roth argues that, in light of this knowledge, Martin committed an intentional tort when he asked Roth to bring the pallet up the ramps and into the main warehouse. Additionally, Roth produced evidence showing that Central Farm may have violated some federal, state, and industry safety standards in its use and maintenance of the lift truck, including standards relating to operator training. Roth contends that this evidence is sufficient to satisfy all three prongs of the Fyffe test.
The trial court concluded that even assuming, arguendo, there is some evidence to create a question of fact as to whether this lift truck was a dangerous instrumentality, there is no evidence to satisfy the second and third prongs of the Fyffe test. We agree. While there may be some evidence to create an issue as to whether an accident might happen with the lift truck because of sub-standard maintenance, even assuming such evidence could be interpreted to demonstrate recklessness, there is no showing that the employer knew or should have known that an accident and injury were substantially certain to occur from the use of the lift truck. Even more striking is the failure to produce sufficient evidence to satisfy the third prong of the Fyffe test — there is a vast difference between requesting Roth to deliver the pallet to the location in question and requiring him to do so.
This is the type of workplace accident for which the workers' compensation system is designed to compensate. There is nothing to indicate that this employer acted, "as if he had in fact desired to produce the result." Id.
 Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne, Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ JOHN W. REECE
FOR THE COURT
REECE, J.
SLABY, J.
CONCUR
QUILLIN, J., P. J.
DISSENTS